Kenneth W. POGWIZD,
Plaintiff–Appellant,

v.

DYNAMIC SECURITY, INC.,
Defendant–Appellee.

No. 01–3191.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 2002.

Decided May 22, 2002.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

### Order

After oral argument the district court amended the judgment under Fed.R.Civ.P. 60(a). As revised, the judgment shows that Pogwizd's case was not settled, so he is entitled to appellate review. On April 24, 2002, the district court awarded defendant about $4,400 in costs against Pogwizd. As awards of costs do not affect finality of the judgment on the merits, we proceed to resolve the appeal.

Pogwizd worked as "operations manager" at a branch office of Dynamic Security, interviewing, hiring, and monitoring the performance of guards to protect its clients' premises. He contends that Dynamic fired him in retaliation for his supporting a race-discrimination claim filed by Beverly Ross, a fellow employee. Dynamic offered three related responses: First, that the office where Pogwizd worked was unprofitable, leading Dynamic to reduce staffing (the office was closed altogether about a year after Pogwizd left). Second, that Pogwizd was chosen for the initial paring of staff because he had alienated a customer that supplied much of its business. Third, that Al Wojcik, who threatened to retaliate against Pogwizd if he supported Ross, had nothing to do with the discharge decision, negating any inference of causation. The district court concluded that the temporal proximity between Pogwizd's support of Ross and his discharge establishes a prima facie case of retaliation but held that a reasonable jury could not deem Dynamic's explanation to be pretextual. The court granted summary judgment for Dynamic.

On appeal, Pogwizd's principal argument is that to establish a prima facie case of discrimination is also to show (at least, to create a jury issue) that the employer's explanation is pretextual. This is not so; it would collapse the multistage sequence under the Supreme Court's cases into a single stage, contrary to the many decisions canvassed in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Consistent with his appellate strategy, Pogwizd ignores Jewel's evidence that Dynamic chose him to be the first casualty at a shrinking office because Jewel Foods, one of the three major clients handled by that branch office, threatened to close the account if Pogwizd again entered its premises. It may be understandable that Pogwizd did not discuss this explanation in his opening brief, because the district court had glossed over this evidence. But once Dynamic relied on it–a prevailing party is entitled to advance any properly preserved contention in support of its judgment–Pogwizd had to show why a reasonable jury could find that Dynamic's explanation is phony. Yet Pogwizd's reply brief does not address this issue; instead it returns to the theme that a plaintiff who has made a prima facie case is entitled to ignore the employer's explanations. Having risked all on a faulty legal theory, Pogwizd cannot prevail. By disdaining to address the employer's explanation, Pogwizd has forfeited any argument that the explanation is pretextual.

AFFIRMED